**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERVIN RAPADA, MELISSA RAPADA, EPHRAIM RAPADA, CRYSTAL RAPADA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN BRUNO, a municipal corporation; SAN BRUNO POLICE DEPARTMENT, a municipal corporation; NEIL TELFORD, in his capacity as CHIEF for the CITY of SAN BRUNO; DOES 1–100, inclusive; individually and in their capacities as OFFICERS for the CITY OF SAN BRUNO,<br><br>Defendants. | No. C 12-04893 WHA<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND VACATING HEARING** |

## INTRODUCTION

In this civil rights action, plaintiffs move for leave to file an amended complaint. To the extent stated below, plaintiffs' motion is **DENIED**. The hearing on March 13, 2014, is hereby **VACATED**.

## STATEMENT

All facts are taken from the proposed first amended complaint. On July 4, 2011, the Rapada family was gathered at Melissa Rapada's apartment in San Bruno, California, to celebrate the holiday. Many residents from the apartment complex were lighting fireworks and

United States District Court
For the Northern District of California

1  barbequing.  Ervin Rapada and Wendell Rapada were among a group of people standing in front
2  of the apartment complex when a firecracker was tossed into the street, an unmarked police car
3  pulled up in front of the complex, and the firework exploded underneath the car.  People began
4  to scatter.  Wendell began to run up the stairs towards Melissa's apartment.  San Bruno Police
5  Officer Valiente and Daly City Police Officer Brennan exited the vehicle and began to chase
6  Wendell.  Officer Brennan ordered Wendell to stop.  Wendell complied, stopping on a walkway
7  at the top of the stairs with raised open hands facing away from the pursuing officers.  Officer
8  Brennan placed Wendell in a carotid chokehold (First Amd. Compl. ¶¶ 24–28).

9        The incident attracted attention.  Witnesses reported that after a few seconds in the
10 chokehold, Wendell's body appeared limp and unresponsive.  One of the witnesses was Ephraim
11 Rapada who approached Officers Valiente and Brennan and requested that they release Wendell
12 from the chokehold (*id.* at ¶¶ 29, 30).

13       Officer Valiente began to push Ephraim away from the area and a struggle ensued.  San
14 Bruno Police Officers Wong and Perkins arrived on the scene.  Officer Wong struck Ephraim's
15 legs with a flashlight and Officers Wong and Perkins pushed Ephraim against a metal railing on
16 the walkway while continuing to hit him.  Upon seeing her father being hit repeatedly, Crystal
17 Rapada attempted to wedge herself between Ephraim and the officers (*id.* at ¶¶ 31, 32).

18       Several more officers arrived on the scene.  Officers jumped on Ephraim and Crystal and
19 struck them repeatedly.  San Bruno Police Officer Harper punched Ephraim in the face twice.
20 Officer Harper knocked Crystal to the ground and stepped on the back of her neck.  Ervin ran to
21 help his family.  He was tackled by Officer Perkins.  Ervin was struck repeatedly by San Bruno
22 Police Officers Perkins and Baker and Daly City Police Officer Lycett and ultimately
23 handcuffed.  After being handcuffed, Ervin was struck again and tasered multiple times by
24 Officer Wong (*id.* at ¶¶ 33–34).

25       San Bruno Police Officers Blundell, Noakes and Rios entered Melissa's apartment and
26 used control holds on her.  Melissa was handcuffed and charged with California Penal Code
27 violations.  The Rapadas were sent to San Mateo General Hospital for treatment of their injuries.
28

2

1  They were released to the Redwood City County Jail where they remained for two days before
2  being released (*id.* at ¶¶ 35–36).

3  In September 2012, plaintiffs brought the present action against the City of San Bruno,
4  the San Bruno Police Department, San Bruno Police Chief Belford and Does 1–100.  Plaintiffs
5  allege Section 1983 violations; assault and battery; false arrest and imprisonment; intentional
6  infliction of emotional distress; negligent infliction of emotional distress; violations of California
7  Civil Code Section 52.1; and negligence.

8  On December 20, 2012, a case management conference was held.  Plaintiffs' counsel did
9  not appear.  The case management order set February 28, 2013, as the deadline for the parties to
10 seek leave to add new parties, amend pleadings, and for plaintiffs to formally identify and serve
11 all unserved defendants and any Doe defendants.  The case management order set March 28,
12 2014 as the non-expert discovery cut-off date and May 19, 2014 as the trial date (Dkt. No. 16).
13 On January 30, 2014, almost a year after the deadline had passed, plaintiffs filed the instant
14 motion for leave to file a first amended complaint in order to substitute named defendants for
15 Doe defendants 1–10.

**ANALYSIS**

17 To amend a complaint by substituting true names of parties for Doe defendants after the
18 deadline in the case management order to do so has passed, plaintiffs must satisfy Federal Rules
19 of Civil Procedure 16(b) to modify the scheduling order.  The deadlines to seek leave to amend
20 pleadings and formally identify and serve Doe defendants expired on February 28, 2013.  Under
21 Rule 16(b), any modification to the scheduling order must be based on a showing of good cause.
22 "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the
23 amendment . . . If that party was not diligent, the inquiry should end."  *Johnson v. Mammoth*
24 *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

25 Defendants argue that plaintiffs' counsel were not diligent because the identities of these
26 officers were readily available to plaintiffs' counsel and their clients prior to the February 28,
27 2013 deadline.  As evidence that plaintiffs' clients knew the names of several of the Does,
28 defendants cite that plaintiffs Ervin, Ephraim and Crystal were present in a San Mateo County

3

1  Superior Courtroom with their attorneys in October 2011 when Officers Brennan, Wong, Baker,
2  Harper, and Valiente testified about their involvement in the July 4, 2011 incident at the
3  preliminary hearing on their criminal case. Furthermore, in 2012, Ervin prepared and published
4  on the internet an audio recording where he specifically identified Officers Valiente, Wong,
5  Perkins, Harper, Baker, and Brennan as being involved in the incident. Defendants argue that
6  had there been any communication between plaintiffs' counsel and their clients, and had
7  plaintiffs' counsel not waited nearly ten months after defendants served their Rule 26 initial
8  disclosures to request the police reports, they would have known the identities of the officers,
9  and amended the complaint prior to the case management order deadline of February 28, 2013
10  (Opp. 2, 3, 7; Master Decl., Exhs. B, C).

11  Plaintiffs argue that they were diligent since they sent letters to defendant San Bruno
12  requesting documents that would have identified the directly-involved officers, and requested
13  records from criminal defense attorneys. Plaintiffs' counsel was not provided the file from the
14  related criminal action until after the deadline set in the scheduling order had passed (Br. 5–6).

15  Plaintiffs' argument is unpersuasive. Plaintiffs clearly knew the identities of the officers
16  when this lawsuit was filed. Plaintiffs were aware of the December 2012 scheduling order that
17  specified all Doe defendants must be formally identified by February 28, 2013 (Dkt. No. 16).
18  They failed to do so. Accordingly, this order finds that plaintiffs have failed to demonstrate the
19  diligence necessary to comply with Rule 16(b). Since Rule 16(b) is not satisfied, this order does
20  not reach the issue of whether amendment is proper under Rule 15. Plaintiffs have no one to
21  blame but themselves. Counsel are ordered to provide a copy of this order to their clients. The
22  motion is **DENIED**.

23  Defendants seek judicial notice of: (1) the complaint filed in September 2012; (2) the
24  amended information related to the criminal case; and (3) the case management order. Since the
25  order does not rely on these documents, defendants' request for judicial notice is **DENIED AS**
26  **MOOT**.

4

**CONCLUSION**

To the extent stated above, the motion is **DENIED**. The hearing on March 13, 2014, is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: February 26, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5